## FELDMAN et al. v. AMERICAN DIST. TELEGRAPH CO. (No. 7071.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1924.)

**Joint-stock companies and business trusts &#9758; 1—Association organized under a declaration of trust held partnership.**

An association organized under a declaration of trust providing for the election by the shareholders of trustees "to manage, control and direct the business in accordance with the terms and provisions" of the declaration of trust, but reserving to the shareholders full power and authority to "change or amend, limit or extend the powers and terms of said trust agreement," *held* a partnership.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Suit by the American District Telegraph Company against H. C. Feldman and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Arnold & Cozby, of San Antonio, for appellants.

Goeth, Webb & Goeth, of San Antonio, and Francis Raymond Stark, of New York City, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover of the Lone Star Motor Truck & Tractor Association, described as a joint-stock association or company, H. C. Feldman, J. W. Oswald, Leo M. J. Dielman, H. C. Heilig, and George Muennink, the sum of $250 as evidenced by five promissory notes

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for $50 each, and each signed by the association; and $137 shown by a contract. The last named, together with Dielman, Heilig, and Muennink, filed an answer setting up misjoinder of parties and pleaded general denial. Separately, the appellants, except the association and Oswald, filed pleas of misjoinder, statute of frauds, denial of partnership, and the existence of a declaration of trust by which the association was formed, which declaration especially exempted the shareholders from liability for debts of the association, of which exemption appellee had full knowledge when the notes were executed.

The cause was tried, without a jury, and judgment was rendered in favor of appellee on the notes as against the association, H. C. Feldman, Leo M. J. Dielman, H. C. Heilig, George Muennink, and J. W. Oswald, jointly and severally, in the sum of $442.31.

There is no statement of facts in the record, but the court filed his conclusions of fact and law, from which it is ascertained that the association through its general manager, W. E. Beckwith, made a contract with appellee for what is called a manual night watch and fire alarm system, and certain services connected therewith, and also executed the five notes on which the suit is based; the sums due on contract and notes being $442.31. The association was organized under a declaration of trust and its amendments, which was never filed for record in Bexar county; the original declaration having been filed for record in Dallas county. The appellants were shareholders in the association, and all of them were trustees when the contract and notes were executed, except Muennink. Appellee had no notice, actual or constructive, of the existence of the declaration of trust, and it did not know how the association was organized. Its principal place of business was in San Antonio, where the indebtedness was incurred.

The shareholders were given by the declaration full power and authority to "change or amend, limit or extend the powers and terms of said trust agreement"; under that power the trustees elected by the shareholders "to manage, control and direct the business in accordance with the terms and provisions" of the contract, could have been shorn of all their power at any time that the shareholders might so determine. The government of the association was not removed from the hands of the shareholders, but in plain and unequivocal terms was retained therein. This fact, under what is known as the Massachusetts test, made the association a partnership. Certainly under Texas decisions the facts showed a partnership. Wells v. Telegraph Co. (Tex. Civ. App.) 239 S. W. 1001; Morehead v. National Bank (Tex. Civ. App.) 243 S. W. 546; McCamey v. Oil Co. (Tex. Civ. App.) 241 S. W. 689.

The judgment is affirmed.